■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE CENTORE, Appellant.

Pursuant to Westchester County indictments Nos. 81-00349 and 81-00352, defendant was charged, along with certain other named individuals, with having conspired to make, and having made, usurious loans to John Balacky and Jimmy Byrne. The People's proof at the trial consisted essentially of the fruits of certain wiretaps and electronic surveillance, i.e., recorded conversations involving the alleged coconspirators. On this appeal defendant argues, *inter alia,* that several of these intercepted communications were improperly received into evidence. We disagree.

It is well settled that the declarations of one coconspirator made in the course of, and in furtherance of, an alleged conspiracy are admissible in evidence against the remaining coconspirators as an exception to the hearsay rule. Before evidence of this type may be admitted against defendant, however, the People must establish the existence of a conspiracy between the declarant and the defendant without recourse to the declarations sought to be introduced (*see, People v Sanders,* 56 NY2d 51; *People v Berkowitz,* 50 NY2d 333; *People v Salko,* 47 NY2d 230, 237-238). The defendant argues, *inter alia,* that no such showing has been made in the case at bar. Upon reviewing the conversations introduced by the People to establish a prima facie case of conspiracy under both indictments, we have reached the conclusion that they adequately establish the fact of defendant's participation in a conspiracy to make usurious loans (e.g., a loan of

$15,500 bearing a weekly interest charge of $200, as well as a further $4,000 loan bearing a weekly interest charge of $120, to render the challenged declarations of the alleged coconspirators admissible in evidence against the defendant. Accordingly, no error was committed in this regard.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.