■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE GARAVUSO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 16, 1985, convicting him of conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On this appeal, the defendant challenges, inter alia, the People's use, on their direct case, of the tape recordings of conversations to which his codefendant and alleged coconspirator, Frank Provenzano, was a party. Since the People established, without resort to those statements, that a conspiracy existed between Provenzano and the defendant, Provenzano's statements were admissible against the defendant as the declaration of a coconspirator made in the course and furtherance of the conspiracy (see, e.g., People v Berkowitz, 50 NY2d 333; People v Salko, 47 NY2d 230; People v Centore, 110 AD2d 903).

According to the evidence presented at the trial, an accom-

plice who turned State's witness met with the defendant and Provenzano to discuss a potential burglary at 309 Wanser Avenue in Inwood. The defendant informed the accomplice that the owner of the house kept $100,000 in cash and property in a safe in the master bedroom. The defendant was willing to renounce his share of this money if the accomplice and Provenzano would kill the homeowner, whom the defendant indicated was having an affair with his wife. The accomplice and Provenzano viewed the house several times, but before their plans came to fruition the accomplice was arrested on an unrelated charge. The accomplice then arranged for an undercover police officer to meet Provenzano. Provenzano recruited the police officer into the conspiracy and took him to meet the defendant. At one meeting between the defendant and the undercover officer, the defendant acknowledged that the house had already been "hit for about $30,000", but that he still wanted the owner of the house "done".

This evidence was sufficient to make out a prima facie case, and when taken in conjunction with the tape-recorded admissions of Provenzano, proved beyond a reasonable doubt that the defendant had conspired to commit burglary.

The defendant's remaining contention is without merit. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.